**UNITED STATES of America, Plaintiff,**

v.

**Dean SACK and Frank Eret, Defendants.**

**No. CV87–L–252.**

United States District Court, D. Nebraska.

Nov. 19, 1987.

F. Henry Habicht, II, Asst. Atty. Gen., Land & Natural Resources Div., Robert L. Hines, Atty. Environmental Enforcement Section, Land & Natural Resources Div., Dept. of Justice, Washington, D.C., Steven A. Russell, Asst. U.S. Atty., Lincoln, Neb., Henry F. Rompage, Office of Regional Counsel, Region VII, U.S.E.P.A., Kansas City, Kan., of counsel, for plaintiff.

Crosby, Guenzel, Davis, Kessner & Kuester, Scott J. Norby, Lincoln, Neb., for defendants.

## MEMORANDUM AND ORDER

DAVID L. PIESTER, United States Magistrate.

The defendants in this matter have filed a motion seeking a protective order which would permit them to answer pending discovery requests propounded by the plaintiff but require that those answers be given "use immunity" from utilization in furtherance of any subsequent criminal proceeding.

This action is brought pursuant to the civil enforcement provisions of the Clean Air Act, 42 U.S.C. § 7401, *et seq.*, specifically alleging that the defendants violated the National Emission Standard for Hazardous Air Pollution ("NESHAP") by their failure to abide by requirements of regulations promulgated under the Act regarding the removal of asbestos during the demolition of the Odd Fellows Home in York, Nebraska. Because there are also criminal enforcement provisions of the Act, the defendants seek an order permitting them to respond to outstanding discovery requests, but granting the immunity described.

■ The motion must be denied. The court has no authority to grant the immunity requested. In *United States v. Doe*, 465 U.S. 605, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984) Justice Powell wrote:

We decline to extend the jurisdiction of courts to include prospective grants of use immunity in the absence of the formal request that the statute [18 U.S.C. §§ 6002 and 6003] requires. As we stated in *Pillsbury Company v. Conboy*, 459 U.S. 248 [103 S.Ct. 608, 74 L.Ed.2d 430] (1983) in passing the use immunity statute, "Congress gave certain officials in the Department of Justice exclusive authority to grant immunities." *Id.*, at 253–254 [103 S.Ct. at 612–613] (footnotes omitted). "Congress foresaw the courts as playing only a minor role in the immunizing process...." *Id.*, at 254, n. 11 [103 S.Ct. at 613, n. 11]. The decision to seek use immunity necessarily involves a balancing of the Government's interest in obtaining information against the risk that immunity will frustrate the govern-

ment's attempts to prosecute the subject of the investigation. *See, United States v. Mandujano*, 425 U.S. 564, 575 [96 S.Ct. 1768, 1776, 48 L.Ed.2d 212] (1976) (plurality opinion). "Congress expressly left this decision exclusively to the Justice Department." 465 U.S. at 616–617, 104 S.Ct. at 1244.

In addition, there is some doubt as to whether, if the requested protective order were granted and the defendants answered the discovery requests, those answers could be kept from a grand jury investigating the criminal aspects of the matter. *See, In Re Grand Jury Subpoenas Duces Tecum*, 659 F.Supp. 628 (D.Md.1987). I note that in that case the government was not a party to the prior civil litigation, and had therefore no opportunity to be heard regarding the entry of the protective order, and further the persons seeking to quash the grand jury subpoena were witnesses, not parties, in the prior civil case. Nevertheless, it appears to me that the authority cited by Judge Hargrove is sound. Information obtained by the government in a civil proceeding can be used in obtaining a criminal conviction, *United States v. Kordel*, 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970), and it is not a deprivation of rights to require a litigant to choose between invoking the Fifth Amendment privilege in a civil case, thereby risking a loss, or alternatively answering the questions, thus risking criminal prosecution. 659 F.Supp. at 634. This "Hobson's choice" is a difficult and perhaps an unfair one to force a litigant to make. This is particularly true in light of the ruling of *Baxter v. Palmigiano*, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976) permitting an adverse inference to be drawn by the fact-finder when the privilege against self-incrimination is claimed by a party to a civil case. *Id.* at 318, 96 S.Ct. at 1558. *See, also, Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.2d 509, 520–522 (8th Cir.1984). The alternative, however, is to cast aside the public's interest in prosecuting violations of criminal laws. As indicated above, the Supreme Court has directed that only the executive branch of government may choose to forgo asserting that interest.

Although the plaintiff's assertion that the lack of any pending criminal investigation forecloses the defendants' request for a protective order is largely irrelevant to that inquiry, if there is a showing that such a criminal investigation exists, it may be that that consideration should be given to staying further proceedings in this case until the criminal matter has been completed. That question, however, is not now before me.

IT THEREFORE HEREBY IS ORDERED, the defendants' motion for protective order, filing 21, is hereby denied.